**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

|  |  |
|---|---|
| LIDIETH MOJICA<br>7801 Scotland Drive<br>Potomac, Maryland 20854<br><br>     Plaintiff,<br><br>          v.<br><br>SWIFTSHIPS, LLC<br>2650 Park Tower Drive, Suite 801<br>Vienna, Virginia 22180<br><br>Serve:  Shehraze Shah, Registered Agent<br>         2650 Park Tower Drive, Suite 801<br>         Vienna, Virginia 22180<br><br>     and<br><br>KHURRAM SHAH<br>6857 Drifton Court<br>Centreville, Virginia 20121<br><br>CALVIN LELEUX<br>592½ Fairview Drive<br>Berwick, Louisiana 70342<br><br>JEFFREY LELEUX<br>1051 Oak Harbor Drive<br>Morgan City, Louisiana 70380<br><br>     Defendants. | Case No. 1:15cv1110 (LMB/TCB) |

## **AMENDED COMPLAINT**

COMES NOW THE PLAINTIFF, LIDIETH MOJICA, by counsel, and moves this Court for entry of judgment in her favor and against the Defendants, SWIFTSHIPS, LLC, KHURRAM

SHAH, CALVIN LELEUX, and JEFFREY LELEUX, jointly and severally, and in support of such complaint, alleges and avers as follows:

## NATURE OF ACTION

1. This action states claims of hostile work environment based on gender in violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"); retaliation for engaging in protected conduct in violation of Title VII; discharge of employment on the basis of gender in violation of Title VII; negligent failure to warn; and negligent retention.

## PARTIES

2. Plaintiff, Lidieth Mojica ("Ms. Mojica") is a resident and citizen of the State of Maryland. At all times relevant, Ms. Mojica was employed by Swiftships, LLC as a Director of Business Channels in the Commonwealth of Virginia.

3. Defendant Swiftships, LLC ("Swiftships") is a limited liability company in good standing in the Commonwealth of Virginia, and which maintains its principal office in the Commonwealth of Virginia. Swiftships is a shipbuilding company.

4. Defendant Khurram Shah ("K. Shah") is a resident and citizen of the Commonwealth of Virginia. At all relevant times, Mr. K. Shah was a co-owner and Chief Strategy Officer of Swiftships in the Commonwealth of Virginia. K. Shah is the twin brother of Shehraze Shah ("Mr. Shah"), a co-owner and the Chief Executive Officer of Swiftships.

5. Defendant Calvin Leleux ("C. Leleux") is a resident and citizen of Louisiana. At all times relevant, Mr. C. Leleux was a co-owner of Swiftships and serves as Chairman of the Board.

6. Defendant Jeffrey Leleux ("J. Leleux") is a resident and citizen of Louisiana. At all times relevant, Mr. J. Leleux was a co-owner of Swiftships and serves as President of Swiftships.

## JURISDICTION

7. This Court has original jurisdiction over the Title VII claims under 42 U.S.C. §2000e-5(f)(3) and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

8. Swiftships is present in and regularly conducts business from its offices in the Commonwealth of Virginia and maintains a registered agent for the service of process in the Commonwealth of Virginia. Swiftships is subject to the personal jurisdiction of this Court pursuant to Va. Code § 8.01-328.1(A)(1), (2), (3) and/or (4).

9. K. Shah is present in the Commonwealth of Virginia and caused injury to Ms. Mojica by acts committed in the Commonwealth of Virginia. K. Shah is subject to the personal jurisdiction of this Court pursuant to Va. Code § 8.01-328.1(A)(1), (2) and (3).

10. During the course of Swiftships' business, including at various times during Ms. Mojica's employment with Swiftships, C. Leleux and J. Leleux regularly visited the Vienna, Virginia office of Swiftships to carry out the company's business, including, but not limited to, being present at meetings with, and presentations to, Navy procurement officials, government officials, defense attaches, and other customers and potential customers of the company.

11. During the time of Ms. Mojica's employment with Swiftships, J. Leleux traveled into Virginia to attend Swiftships-related business meetings approximately once every two months, typically for about a week at a time, and C. Leleux traveled into Virginia to attend Swiftships-related business meetings approximately four times per year. C. Leleux also traveled into Virginia on multiple occasions to speak at events at Swiftships' Virginia offices where

Swiftships would invite attaches for meetings and presentations. When they came to Virginia, C. Leleux or J. Leleux attended multiple meetings at both Swiftships' offices and sometimes at customer offices in Virginia and other nearby locations.

12. C. Leleux and J. Leleux's acts and omissions caused tortious injury to Ms. Mojica in the Commonwealth of Virginia.

13. C. Leleux was (and is) Chairman of the Board of Swiftships and a co-owner. C. Leleux is subject to the personal jurisdiction of this Court pursuant to Va. Code § 8.01-328.1(A)(1), (2) and (4).

14. J. Leleux was (and is) the President of Swiftships and a co-owner. J. Leleux is subject to the personal jurisdiction of this Court pursuant to Va. Code § 8.01-328.1(A)(1), (2) and (4).

15. The Title VII violations and torts at issue all occurred in the Eastern District of Virginia.

## **VENUE**

16. Swiftships and K. Shah are residents of the Eastern District of Virginia.

17. C. Leleux and J. Leleux are Directors/Officers/owners of Swiftships and caused injury to Ms. Mojica in the Eastern District of Virginia.

18. The causes of action alleged in this action arose in the Eastern District of Virginia.

19. The unlawful employment practices committed by the Defendants occurred in the Eastern District of Virginia; employment records relevant to such practices are maintained and administered in the Eastern District of Virginia; and Ms. Mojica would still be employed in the

Eastern District of Virginia but for the unlawful employment practices committed by Defendants.

20. Venue over the Title VII claims is proper in this Court under 42 U.S.C. §2000e-5(f)(3), and venue over the state law claims is proper in this Court under 28 U.S.C. § 1391(b).

## PROCEDURAL STATUS

21. Ms. Mojica timely filed an administrative Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 25, 2014.

22. On June 1, 2015, the EEOC issued Ms. Mojica a Right to Sue letter.

23. This action is timely filed and all procedural prerequisites to suit have been met.

## FACTS

24. Swiftships is a military and commercial vessel manufacturing company that specializes in the construction and repair of small to medium-sized water-craft. Swiftships' customers include branches of the U.S. Military, commercial and private enterprises, and numerous foreign countries.

25. In or around 2012, Mr. Shah, K. Shah, C. Leleux, and J. Leleux entered into a partnership pertaining to the ownership of Swiftships.

26. Ms. Mojica was hired by Swiftships on or around June 3, 2013, as the Director of Business Channels.

27. Ms. Mojica reported directly to Shehraze Shah in Vienna, Virginia.

28. Ms. Mojica performed her job duties in a satisfactory manner.

29. Shortly after Ms. Mojica began working at Swiftships, Mr. Shah began to sexually harass her. In particular, he began sending her overt and sexually graphic text

messages, pictures, and videos to her personal and work cell phones. Ms. Mojica did not welcome or invite this conduct.

30. The frequency and graphic nature of the texts, pictures, and videos increased over time. Mr. Shah sent dozens of pictures and videos depicting graphic sexual content and numerous inappropriate and sexual text messages to Ms. Mojica, including propositioning her for sex.

31. Among other things, the pictures and videos Mr. Shah sent to Ms. Mojica depict him masturbating and ejaculating.

32. Similarly, the text messages Mr. Shah sent to Ms. Mojica contained offensive and explicit sexual language. Among other things, the text messages propositioned her for sex and forwarded numerous pictures and videos of Mr. Shah's erect penis and him masturbating, including while watching pornographic movies.

33. Ms. Mojica complained on multiple occasions about Mr. Shah's conduct to Becky Lewis ("Ms. Lewis"), the Director of Human Resources at Swiftships.

34. In or around August 2013, soon after Ms. Mojica joined Swiftships, she complained to Ms. Lewis about Mr. Shah's behavior.

35. Rather than take any steps to rectify the situation, Ms. Lewis shared with Ms. Mojica other instances of Mr. Shah's inappropriate conduct with other female employees at Swiftships and his history of such behavior.

36. The individual defendants – K. Shah, C. Leleux, and J. Leleux – were aware, including before Ms. Mojica's employment began with Swiftships, of Mr. Shah's graphic and lewd sexual proclivities toward female employees of the company, including his treatment of female employees as sexual objects and targets of his proclivities and gratification.

37. Ms. Mojica's complaint to Ms. Lewis in or around August 2013 did nothing to halt Mr. Shah's behavior. Instead, Mr. Shah became more persistent.

38. During Ms. Mojica's employment with Swiftships, she learned of several other women who Mr. Shah treated in a similar manner, i.e., sending lewd and graphic sexual images to them and propositioning them for sex.

39. Ms. Mojica made additional complaints to Ms. Lewis – none of which resulted in any response or action from Swiftships.

40. On or around January 15, 2014, Ms. Mojica spoke with Ms. Lewis and told her again that Mr. Shah was sending her explicit texts, pictures, and videos.

41. In or around the first week of April 2014, Ms. Mojica had another discussion with Ms. Lewis about Mr. Shah's conduct and how it was affecting her.

42. In or around late April or early May 2014, Ms. Mojica complained to K. Shah, Mr. Shah's twin brother and a co-owner and Chief Strategy Officer of Swiftships, about his brother's persistent, graphic sexual harassment and sexual propositions. K. Shah advised Ms. Mojica that she should confront Mr. Shah about his conduct.

43. Ms. Mojica's complaints to Ms. Lewis (Director of Human Resources) and K. Shah (a principal and officer of Swiftships) are imputed to Swiftships, as well as to C. Leleux and J. Leleux, as directors/officers/owners of Swiftships. As such, in addition to having actual knowledge of Mr. Shah's sexual proclivities towards female employees in general, C. Leleux and J. Leleux had actual and/or constructive notice of Ms. Mojica's complaints about Mr. Shah, and about Mr. Shah's conduct towards Ms. Mojica.

44. On or about May 3, 2014, Ms. Mojica spoke to Mr. Shah and told him his sexually graphic communications to her were unwelcomed and inappropriate. She asked him to stop communicating with her in that manner.

45. In response, by email dated May 3, 2014, Mr. Shah terminated Ms. Mojica's employment with Swiftships. In so doing, Mr. Shah claimed, "Management has decided to close the Latin American sales-division," which was untrue.

46. On or about May 3, 2014, Ms. Lewis contacted Ms. Mojica about the email from Mr. Shah terminating Ms. Mojica's employment. Ms. Lewis and Ms. Mojica again discussed Mr. Shah's inappropriate behavior and Ms. Lewis indicated that she would speak with Mr. Shah.

47. On or about May 7, 2014, Ms. Mojica saw Ms. Lewis in Swiftships' building's cafeteria and had another discussion with Ms. Lewis about Mr. Shah's conduct towards her and her termination. Ms. Mojica showed Ms. Lewis examples of the sexually explicit texts, pictures, and videos Mr. Shah had sent her over the previous months.

48. Following Ms. Mojica's termination, K. Shah insisted that Ms. Mojica meet with him on or around May 24, 2014. Around this time, he acknowledged to Ms. Mojica that she had been wronged and offered her a financial inducement in an effort to cover up the matter with his brother.

## COUNT ONE – 
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII
(**against Swiftships, LLC**)

49. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

Case 1:15-cv-01110-LMB-TCB   Document 6   Filed 09/09/15   Page 9 of 16 PageID# 52

50. As described above, Swiftships, through Mr. Shah and its management and ownership, subjected Ms. Mojica to a hostile work environment on the basis of her gender (female).

51. As described above, Ms. Mojica's complaints of sexual harassment were ignored, and she was ultimately terminated for having complained about the harassment.

52. Swiftships' discriminatory treatment of Ms. Mojica violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

53. Swiftships engaged in these practices with malice and with reckless indifference to the federally protected rights of Ms. Mojica, within the meaning of 42 U.S.C. § 2000e-2(a)(1).

54. As a direct and proximate result of Swiftships' actions, Ms. Mojica has suffered and continues to suffer damages, including past and future loss of income and benefits of employment, lost career opportunities and advancement, other past and future pecuniary losses, emotional stress, inconvenience, embarrassment, and humiliation.

55. Due to the conscious disregard for Ms. Mojica's federally protected rights, and the severity of Swiftships' conduct, Ms. Mojica is also entitled to punitive damages.

## COUNT TWO – RETALIATION UNDER TITLE VII
**(against Swiftships, LLC)**

56. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

57. As described above, Swiftships, through Mr. Shah, retaliated against Ms. Mojica in response to her complaint of a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).

58. As a direct and proximate result of Swiftships' actions, Ms. Mojica has suffered and continues to suffer damages, including past and future loss of income and benefits of employment, lost career opportunities and advancement, other past and future pecuniary losses, emotional stress, inconvenience, embarrassment, and humiliation.

59. Due to the conscious disregard for Ms. Mojica's federally protected rights, and the severity of Swiftships' conduct, Ms. Mojica is also entitled to punitive damages.

### COUNT THREE –
### DISCHARGE ON THE BASIS OF GENDER
(against Swiftships, LLC)

60. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

61. As described above, Swiftships, through Mr. Shah, discharged Ms. Mojica on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

62. As a direct and proximate result of Swiftships' actions, Ms. Mojica has suffered and continues to suffer damages, including past and future loss of income and benefits of employment, lost career opportunities and advancement, other past and future pecuniary losses, emotional stress, inconvenience, embarrassment, and humiliation.

63. Due to the conscious disregard for Ms. Mojica's federally protected rights, and the severity of Swiftships' conduct, Ms. Mojica is also entitled to punitive damages.

### COUNT FOUR –
### NEGLIGENT FAILURE TO WARN
(against Swiftships, LLC, Khurram Shah, Calvin Leleux and Jeffrey Leleux)

64. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

65. Swiftships, K. Shah, C. Leleux and J. Leleux (collectively, the "LLC Defendants") had a duty to use care to protect their employees from harm. Ms. Mojica was an employee performing her duties at Swiftships, which owed her a duty to use care to protect her from harm.

66. As described above, the LLC Defendants were aware (actually or constructively) of the propensity of Mr. Shah to engage in sexually inappropriate behavior towards female employees, as evidenced in part by: (a) Ms. Mojica's complaints to Ms. Lewis, Mr. Shah and K. Shah; (b) Ms. Lewis' knowledge, which she shared with Ms. Mojica, of other instances of Mr. Shah's inappropriate conduct with other women at Swiftships; (c) Ms. Lewis', C. Leleux's, and J. Leleux's preexisting knowledge of Mr. Shah's history of inappropriate behavior towards women; and (d) K. Shah's preexisting knowledge of Mr. Shah's behavior towards female employees and acknowledgment that Ms. Mojica was treated poorly.

67. The foregoing knowledge of Mr. Shah's harassment of Ms. Mojica and his history and propensity to harass other female employees at Swiftships is imputed to the LLC Defendants. As such, the LLC Defendants had actual and/or constructive notice of Ms. Mojica's complaints and of Mr. Shah's history of obscene treatment of female employees.

68. Despite the LLC Defendants' knowledge of Mr. Shah's prior sexually inappropriate behavior, and the foreseeable probability of harm to Ms. Mojica, the LLC Defendants failed to warn or protect Ms. Mojica from Mr. Shah's sexually inappropriate and abusive conduct.

69. As a result of the LLC Defendants' failure to warn of or protect Ms. Mojica from Mr. Shah's sexually inappropriate and abusive conduct, Ms. Mojica was sexually harassed and propositioned by Mr. Shah while she was performing her employment duties at Swiftships.

70.     As a direct and proximate result of the LLC Defendants' negligence, Ms. Mojica has suffered and continues to suffer injury, emotional distress, pain, suffering, inconvenience, past and future loss of income and benefits of employment, lost career and business opportunities and advancement, medical expenses, other past pecuniary losses, future pecuniary losses, and other nonpecuniary losses.

71.     The LLC Defendants' willful refusal to take any remedial or corrective action in the face of Mr. Shah's known sexually inappropriate and abusive behavior demonstrates that they acted with an utter disregard for caution and amounted to neglect of Ms. Mojica's safety, such that it would offend fair minded and ordinary people.  The LLC Defendants' failure to protect Ms. Mojica was willful and wanton, in that it exhibited a conscious disregard for the rights of Ms. Mojica.

72.     Due to the character and severity of the LLC Defendants' conduct, Ms. Mojica is entitled to punitive damages.

## COUNT FIVE –
## NEGLIGENT RETENTION (OF SHEHRAZE SHAH)
**(against Swiftships, LLC, Khurram Shah, Calvin Leleux and Jeffrey Leleux)**

73.     The allegations of the foregoing paragraphs are incorporated in this count as if re-alleged here in full.

74.     The LLC Defendants had a duty to their employees, including Ms. Mojica, not to retain or appoint officers and employees whom they knew or should have known were likely to harm their employees and/or to violate laws designed to protect the public.

75.     The LLC Defendants had actual and constructive knowledge that Mr. Shah engaged in sexually harassing, inappropriate, unprofessional and illegal behavior towards Ms. Mojica (and other women), including but not limited to the behavior described above.

76. Despite this knowledge, and despite the LLC Defendants' power to remove Mr. Shah from his position as the Chief Executive Officer, the LLC Defendants retained Mr. Shah in a position of superiority and supervisory authority over Ms. Mojica (and other women), which he used to sexually harass her.

77. The LLC Defendants retained Mr. Shah in a position in which he could discriminate against, sexually harass, threaten and harm Ms. Mojica and other female employees, and permitted Mr. Shah to continue to engage in illegal and threatening behavior towards Ms. Mojica, and continued to allow him to make Ms. Mojica fear for her safety and her job.

78. In fact, the LLC Defendants, after becoming aware of the conduct of Mr. Shah, continued to retain Mr. Shah as its Chief Executive Officer, a position effecting Ms. Mojica's employment, while Ms. Mojica's complaints about Mr. Shah's illegal, unprofessional, inappropriate and sexually harassing conduct towards her, as well as her requests that Swiftships take action to protect her and halt the harassment, were ignored.

79. The LLC Defendants were negligent in retaining Mr. Shah after they learned, or should have learned, he was treating Ms. Mojica (and other female employees) in an illegal and sexually harassing manner, and using his position as the CEO to do so.

80. Had the LLC Defendants promptly and properly removed Mr. Shah from his position and the workplace, he would not have had the opportunity to continue to engage in this conduct, or to harm Ms. Mojica.

81. This conduct by the LLC Defendants was actuated by malice, spite, and ill will; was willful and wanton; and evinced conscious disregard for the rights of Ms. Mojica.

82. The LLC Defendants' retention of Mr. Shah, in the face of knowledge of his illegal conduct, constituted gross negligence and evinced a conscious disregard for the rights of Ms. Mojica.

83. The LLC Defendants exhibited a reckless indifference in their failure to protect Ms. Mojica and the public and in retaining Mr. Shah. The LLC Defendants were aware from the existing circumstances that its failure to act to protect Ms. Mojica and the public (by terminating Mr. Shah and discontinuing his lewd conduct) would likely result in harm to Ms. Mojica and the public.

84. As a direct and proximate result of the LLC Defendants' actions and failures to act, Ms. Mojica has suffered and continues to suffer emotional distress, mental anguish, past and future loss of income and benefits of employment, lost career and business opportunities and advancement, other past pecuniary losses, future pecuniary losses, and other non-pecuniary losses.

85. Due to the character and severity of the LLC Defendants' conduct, Ms. Mojica is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LIDIETH MOJICA requests that this Court enter judgment in her favor and against Defendant SWIFTSHIPS, LLC, on the above Counts One, Two, and Three, and in her favor and against Defendants SWIFTSHIPS, LLC, KHURRAM SHAH, CALVIN LELEUX, AND JEFFREY LELEUX, jointly and severally, on the above Counts Four and Five, and further:

a) Award Ms. Mojica any and all financial, economic, and compensatory damages to which she is entitled by law, to be determined by the Court, on each of Counts One through Five; and in addition

b) Award Ms. Mojica punitive and exemplary damages, to be determined by the Court, on each of Counts One through Five; and in addition

c) Award Ms. Mojica any other monetary damages to which she may be entitled under the law; and in addition

d) Award Ms. Mojica appropriate pre-judgment and post-judgment interest; and in addition

e) Award Ms. Mojica expert fees, attorney's fees (if the prevailing party on Counts One, Two, and/or Three), and costs of this action as may be permitted by law; and in addition

f) Award Ms. Mojica such other and further relief as may be appropriate.

September 9, 2015                              Respectfully submitted,

                                                 __*/s/ Peter C. Cohen*_____
                                                 Peter C. Cohen
                                                 Virginia Bar No. 66346
                                                 pcohen@cbcblaw.com
                                                 Nicholas J. Dilenschneider
                                                 Virginia Bar No. 87459
                                                 ndilenschneider@cbcblaw.com
                                                 CHARLSON BREDEHOFT COHEN
                                                   & BROWN, P.C.
                                                 11260 Roger Bacon Drive, Suite 201
                                                 Reston, Virginia 20190
                                                 (703) 318-6800 Telephone
                                                 (703) 318-6808 Facsimile

                                                 *Counsel for Plaintiff,*
                                                   *Lidieth Mojica*